IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 8:06CV602 |
| | BK 04-84228 |
| | ADV 06-8101 |
| FLORENCE ROMONA McCLINTON | |
| | MEMORANDUM AND ORDER |
| Debtor. | |

A Notice of Appeal has been filed by creditor Nebraska Workforce Development, Department of Labor ("NWD-DOL") from the bankruptcy court's Order and Memorandum Opinion dated August 29, 2006. (Filing Nos. 28 and 29). In the order, the bankruptcy court granted the motion filed by the debtor, Florence Romona McClinton, to reopen her Chapter 7 case. The NWD-DOL elected to have to this appeal heard by the district court. The appeal is brought pursuant to 28 U.S.C. § 158(a)(3) and (c). The threshold issue is whether this Court should exercise its discretion to consider NWD-DOL's appeal.

### Factual and Procedural Background

In the bankruptcy action, McClinton filed a motion to reopen the case, which was granted, and she has commenced an adversarial proceeding seeking relief against NWD-DOL. She alleges that NWD-DOL reduced her post-discharge unemployment insurance benefit by $90, representing an amount she admittedly had owed to the NWD-DOL before her discharge in bankruptcy. McClinton owed the amount as a result of an overpayment made by NWD-DOL to her. McClinton alleges that NWD-DOL's reduction of her post-discharge benefit was taken in violation of the bankruptcy court's discharge injunction. She seeks a judgment in her favor against NWD-DOL.

NWD-DOL filed its resistance to McClinton's motion to reopen on the basis that reopening the case would be futile, arguing that NWD-DOL is legally entitled to recoup the $90 overpayment. NWD-DOL argues that the overpayment of unemployment benefits made in 2004 and the current payment of unemployment benefits, including the reduced payment, should be considered one, continuous transaction, and, as such, recoupment is permissible. NWD-DOL also argues that its power to collect an overpayment is established by Nebraska statute, and that, in denying NWE-DOL's authority to recoup the overpayment, the bankruptcy court will open up bankruptcy proceedings to fraud.

## Interlocutory Appeal

The matter is before the Court for determination of whether an interlocutory appeal[1] should be allowed with respect to the bankruptcy court's order to reopen the debtor's action. Interlocutory appeals may be taken only with leave of the district court and then, only rarely, when a departure from the policy of postponing appellate review until entry of final judgment is justified by exceptional circumstances. I conclude that Defendant's Notice of Appeal, which I shall treat as a motion for leave to appeal and notice of appeal (Filing No. 1), should be granted as an exception to the general rule.

---

[1] The United States Court of Appeals for the Eighth Circuit has held that a bankruptcy court's order reopening a debtor's case is not a final order. In reaching that conclusion, the Eighth Circuit Court of Appeals considered the following: 1) that the bankruptcy order only reopened the case and the bankruptcy court had not yet addressed the merits of trustee's claim; 2) that if the bankruptcy court ultimately ruled in favor of the trustee, then the debtor could still challenge the bankruptcy court's jurisdiction and the trustee's standing on appeal to the district court; and 3) that a later reversal on the reopening would not require recommencement of the entire bankruptcy proceeding. *In re Stephens*, 172 Fed.Appx. 685 (8th Cir. 2006); and *In re Gaines*, 932 F.2d 729, 731-32 (8th Cir. 1991). Having considered the *Stephens* factors, I conclude that NWD-DOL's appeal is interlocutory.

In exercising the Court's discretion to permit the appeal under 28 U.S.C. § 158(a)(3), I have applied the standards that are found in 28 U.S.C. § 1292(b) for certification of interlocutory district court orders for appeal. *In re Machinery, Inc.*, 275 B.R. 303, 306 (8th Cir. BAP 2002). Certification under section 1292(b) requires that: "(1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation." *Id.*

The bankruptcy court's Memorandum Opinion supporting its Order to reopen McClinton's case addresses a question of law, the resolution of which would materially advance the ultimate termination of the litigation. The question of law is controlling to the extent that, if the NWD-DOL's interpretation of the law is found to be correct, then NWD-DOL's futility argument would likely prevail. There appears to be no precedent from the Eighth Circuit Court of Appeals on the issue, although a district court in this circuit has considered the issue and its resolution is clearly at odds with Chief Judge Mahoney's view of the law as supported by cases from the Second, Third and Seventh Circuit Courts of Appeal. For all these reasons, I conclude that NWD-DOL's motion for leave to appeal should be granted. The briefing schedule is set forth below.

IT IS ORDERED:

1. The Notice of Appeal which the Court has viewed as a motion for leave to file an interlocutory appeal (Filing No. 1) is granted, and the notice of appeal shall remain;

2. Appellant (creditor Nebraska Workforce Development, Department of Labor) shall file and serve a brief on or before February 19, 2007;

3. Appellee shall file and serve her brief on or before March 12, 2007;

4. Appellant may file and serve a reply brief on or before March 19, 2007; and

5. The case shall be ripe for decision on March 20, 2007.

DATED this 29th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge